**United States District Court**
For the Northern District of California

**\*\* E-filed February 13, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C12-00433 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| MARK PINEDA; and MARIA PINEDA, | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re: Docket Nos. 1, 5, 6]** |

_____/

## INTRODUCTION

On January 27, 2012, defendants Mark and Maria Pineda (collectively, "Defendants"), proceeding pro se, removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") moves to remand and seeks immediate relief by applying *ex parte* for an order shortening time. Dkt. Nos. 4, 5. Because not all of the parties have consented to the undersigned's jurisdiction, this court is unable to provide the dispositive relief sought. For the reasons stated below, the undersigned DENIES the Motion to Shorten Time, ORDERS that this case be reassigned to a district judge, and RECOMMENDS that this action be summarily remanded to state court.

## DISCUSSION

Wells Fargo filed this unlawful detainer action against defendants on October 5, 2011 in Santa Clara County Superior Court. Notice of Removal, p. 1. According to the complaint, Wells

**United States District Court**
For the Northern District of California

Fargo acquired the subject property, a Gilroy, CA residence, through a foreclosure trustee's sale on August 19, 2011, in accordance with California Civil Code section 2924. Dkt. No. 1, Exh. A ("Complaint") at ¶ 5. On August 22, Wells Fargo served defendants with a three-day Notice to Quit. Id. at ¶ 7.  Defendants have not vacated the property. Id. at ¶ 8.

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on federal question jurisdiction. See Notice of Removal ¶ 6. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Defendants assert that Wells Fargo's unlawful detainer claim fails because it violated the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. Notice of Removal at ¶¶ 8. However, the defendants raised this alleged violation in a demurrer, a responsive pleading, and – as noted above – only the complaint can provide the basis for federal question jurisdiction. Discovery Bank, 129 S. Ct. at 1272. Wells Fargo's complaint alleges only a cause of action for unlawful

**United States District Court**
For the Northern District of California

1 | detainer under California law; it does not allege any federal claims whatsoever. <u>See</u> Complaint.

2 | Moreover, resolving Wells Fargo's unlawful detainer claim does not depend on resolution of any

3 | substantial issues of federal law. Accordingly, the defendants have failed to show that this action

4 | arises under federal law.

5 | Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction

6 | based on diversity requires complete diversity of citizenship and an amount in controversy in excess

7 | of $75,000. 28 U.S.C. § 1332(a).[1] In this matter, all parties are citizens of California, and plaintiff's

8 | complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1.

9 | Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal

10 | question or diversity.

11 | **CONCLUSION**

12 | Because not all of the parties have consented to the undersigned's jurisdiction, this court

13 | ORDERS the Clerk of the Court to reassign this case to a District Court judge. Wells Fargo's

14 | Motion to Shorten Time is DENIED and the hearing on its Motion to Remand is VACATED.  The

15 | undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to

16 | Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party

17 | may serve and file objections to this Report and Recommendation within fourteen days after being

18 | served.

19 | **IT IS SO ORDERED.**

20 | _____

21 | [1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions

22 | removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the

23 | parties in interest properly joined and served as defendants is a citizen of the State in which such

24 | action is brought." 28 U.S.C. § 1441(b); see <u>Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal.</u>,

25 | 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural

26 | and a waivable defect in the removal process, and a court acting *sua sponte* may not base its

27 | decision to remand solely upon such a defect. <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 935-

28 | 36 (9th Cir. 2006).

United States District Court

For the Northern District of California

Dated: February 13, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C12-00433 HRL** **Notice will be electronically mailed to:**

Scott Michael Harris          scottharrislaw@sbcglobal.net

**Notice will be mailed to:**

Mark A Pineda
710 W. 8th Street
Gilroy, CA 95020

Maria L Pineda
710 W. 8th Street
Gilroy, CA 95020

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28